IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: ROBERTA CLARISSA MOESCH BEASLEY, DECEASED; JESSIE CARL BEASLEY, SR., *Individually and as Administrator, Personal Representative, Heir and Beneficiary of Roberta Clarissa Moesch Beasley, Deceased, and as Guardian for the Use and Benefit of CMB, Minor Child, Heir and Beneficiary of the Deceased, and for All Heirs and Beneficiaries of Deceased and Beneficiaries of Within Referenced Plans, Trusts, Contracts, and Policies* | § § § § § § § § § § § § § § § § § § § § § | PLAINTIFF |
| V. | | CIVIL NO. 1:15-cv-262-HSO-JCG |
| SINGING RIVER HEALTH SYSTEM, *et al.* | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING [17] MOTION
TO REMAND AND DENYING REQUEST FOR COSTS AND EXPENSES,
INCLUDING ATTORNEY'S FEES UNDER 28 U.S.C. § 1447(c)**

BEFORE THE COURT is the Motion to Remand [17] filed by Plaintiff/Petitioner Jessie Carl Beasley, Sr., Individually and as Administrator, Personal Representative, Heir and Beneficiary of Roberta Clarissa Moesch Beasley, Deceased, and as Guardian for the Use and Benefit of CMB, Minor Child, Heir and Beneficiary of the Deceased, and for All Heirs and Beneficiaries of Deceased and Beneficiaries of Within Referenced Plans, Trusts, Contracts, and Policies. This

Motion is now fully briefed.  Petitioner seeks remand of this matter to state court and an award of costs and expenses under 28 U.S.C. § 1447(c) for the improper removal.

Having considered Petitioner's Motion, the related pleadings, and relevant legal authorities, the Court is of the opinion that Respondents have not carried their burden of establishing that removal to this Court was proper.  Petitioner's Motion should be granted and this matter should be remanded to the Chancery Court of George County, Mississippi.  Petitioner's request for costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c) is not well taken and should be denied.

## I. BACKGROUND

Roberta Clarissa Moesch Beasley ("Mrs. Beasley" or the "Decedent") was employed with the Singing River Health System ("SRHS") at Singing River Hospital for over 20 years, until 2011.  Pet. [12] at 66; Am. Pet. [1-2] at 11.  After a battle with metastatic breast cancer, Mrs. Beasley passed away in April 2014.  Certificate of Death [12] at 70.  On June 19, 2014, Mrs. Beasley's husband, Jessie Carl Beasley, Sr. ("Mr. Beasley"), filed a Petition to Appoint Administrator and Personal Representative, to Establish Heirs and Beneficiaries, to Discover Assets and Recover Assets, for Declaratory Relief, and Other Relief (the "Petition"), in the Chancery Court of George County, Mississippi (the "Chancery Court").  Pet. [12] at 66. According to Mr. Beasley, certain entities, including Respondents SRHS, Lincoln National Life Insurance Company ("Lincoln National"), and American

Heritage Life Insurance Company ("American Heritage"), had wrongfully withheld benefits which constituted assets of the Decedent's estate.  *Id.* at 67.

On July 10, 2014, Mr. Beasley, Individually and as Administrator, Personal Representative, Heir and Beneficiary of Decedent, and as Guardian for the Use and Benefit of CMB, Minor Child, Heir and Beneficiary of the Deceased, and for All Heirs and Beneficiaries of Deceased and Beneficiaries of Within Referenced Plans, Trusts, Contracts, and Policies ("Petitioner"), filed an Amended and Supplemental Petition (the "Amended Petition") in the Chancery Court.  Am. Pet. [1-2] at 5.  On July 17, 2014, the Chancery Court appointed Mr. Beasley as personal representative and administrator of the Decedent's estate.  Order [12] at 58.

The Amended Petition names as Defendants or Respondents SRHS; Singing River Health System Employees' Retirement Plan and Trust ("SRHS Employees' Retirement Plan and Trust"); Lincoln National; American Heritage; and Transamerica Retirement Solutions Corporation ("Transamerica") (collectively, "Respondents").  Am. Pet. [1-2] at 5.  The Amended Petition contends that the Decedent and her heirs were, and are, due certain unpaid benefits from Respondents through Decedent's employment with SRHS.  These benefits include disability retirement, death, health, welfare, medical, and other benefits from SRHS; long-term disability insurance, life insurance, family income, and other benefits from Lincoln National; and cancer insurance benefits from American Heritage.  *Id.* at 8-9.

The Amended Petition advances a number of causes of action against Respondents, including the following: "COUNT VI - Petitioner's Causes For SRHS' U.S. *Contract Clause* Violations"; "COUNT VII - Petitioner's Causes for SRHS' U.S. *Takings Clause* Violations"; "COUNT VIII - Petitioner's Causes for SRHS's Violation of 42 U.S.C. § 1983 - *Contract Clause* Claims Against SRHS Respondents"; "COUNT IX - Petitioner's Causes For SRHS' Violation of 42 U.S.C. § 1983 *Takings Clause* Claims Against SRHS Respondents." *Id.* at 29-72 (emphasis in original).

Lincoln National removed the case to this Court on August 13, 2015, invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal [1] at 1-3. Lincoln National asserts that this Court has federal question jurisdiction because the Amended Petition expressly includes claims which arise under the Constitution and laws of the United States. *Id.* at 2-3. The Notice of Removal [1] states that "[a]ll defendants who have been properly joined and served have joined in and consented to the removal of this action. Written consents are included in this Notice of Removal." *Id.* at 1-2. However, the Court has thoroughly searched the record; only Lincoln National's counsel signed the Notice of Removal, *id.* at 4, and no written joinder in, or consent to, removal from any other Respondent was included in the Notice of Removal or otherwise filed into the record.

Petitioner filed a Motion to Remand [17] on September 2, 2015, within 30 days of the removal to federal court. *See* 28 U.S.C. § 1447(c). Petitioner argues that diversity and federal question jurisdiction are lacking. Pl.'s Mot. to Remand [10] at 2-8. Even if either exists, Petitioner contends that the probate exception to subject

matter jurisdiction deprives this Court of jurisdiction, as Petitioner maintains that Lincoln National removed the entire probate proceeding from state court.  *Id.* Petitioner also raises a procedural defect in removal, in that "Respondents have not duly and *timely* filed the actual **State Court File** as required, but have belatedly filed only their jumbled, juxtaposed and *partial* version of the George County, MS Chancery Court's Official File . . . ." *Id.* at 8 (emphasis in original).[1]  Petitioner asks the Court to award him costs and expenses, including reasonable attorney's fees pursuant to 28 U.S.C. § 1447(c), for the allegedly improper removal.  *Id.* at 10-11.

      Lincoln National filed a Response to the Motion to Remand on September 21, 2015, taking the position that the Amended Petition expressly asserts claims arising under the Constitution and laws of the United States, such that federal question jurisdiction exists, and that the probate exception does not apply.  Mem. in Opp'n to Mot. to Remand [32] at 1.  Lincoln National also maintains that "[t]he condition of the state-court record does not support remand" and refers to the issue as "[a] minor glitch in the record resulting from the state court's copying process . . . ." *Id.* at 2.

      On September 21, 2015, SRHS, SRHS Employees' Retirement Plan and Trust, American Heritage, and Transamerica joined in Lincoln's National's

---

[1] Lincoln National has filed a Motion for Leave to File Amended State Court Record [36], which appears to address this argument.  Because the Court determines that remand is required for a different reason, it need not resolve Lincoln National's Motion [36] or decide whether Lincoln National's Motion cures any procedural defect in removal based upon the condition or completeness of the earlier-filed state court record.

Response in opposition to Motion to Remand. Mem. in Opp'n to Mot. to Remand [34] at 1; Joinder [35] at 1; Joinder [37] at 1. SRHS and SRHS Employees' Retirement Plan and Trust likewise contend that federal question jurisdiction is present on the face of the Amended Petition, such that the Motion to Remand should be denied. Mem. in Opp'n to Mot. to Remand [34] at 1-3.

## II. DISCUSSION

A.  The Removal Procedure

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. 28 U.S.C. § 1441(a) (2012). "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties—commonly referred to as 'federal question' jurisdiction." *Energy Mgmt. Servs., LLC v. City of Alexandria,* 739 F.3d 255, 258-59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369). "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction." *Id.* at 259 (citation omitted).

28 U.S.C. § 1446 sets forth the procedure for removing a civil action to federal court and provides in relevant part as follows:

>   (a)   Generally.—
>       A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules

>    of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b)   Requirements; Generally.—
>
> \* \* \*
>
> (2)(A)   When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

28 U.S.C. § 1446(a), (b)(2)(A).

The rule of unanimity requires that "all defendants who are properly joined and served must join in the removal petition, and that failure to do so renders the petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988) (internal citations omitted). It "requires that all defendants to an action either sign the original petition for removal *or* timely file written consent to the removal." *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015) (emphasis in original) (citing *Getty Oil Corp.*, 841 F. 2d at 1262 n. 11).

The Fifth Circuit has interpreted "timely" to mean within 30 days of each defendant's receipt, or service on that defendant, of the initial pleading or summons as provided in 28 U.S.C. § 1446(b)(2)(B). *Id.*; *see also Gillis v. Louisiana*, 294 F.3d 755, 759 (5th Cir. 2002) ("in order to comply with the requirements of § 1446, all served defendants must join in the removal petition filed prior to the expiration of the removal period.") (citing *Getty Oil*, 841 F.2d at 1262 n.9). "This rule simply requires that there be 'some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have the authority to do so*, that it has actually consented to such

action.'" *Gillis*, 294 F.3d at 759 (emphasis in original) (citing *Getty Oil*, 841 F.2d at 1262 n.11).

Removal of cases from state court implicates significant federalism concerns. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Federalism concerns animate the rule requiring strict construction of removal statutes." *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

B.      Whether There Was a Procedural Defect in Removal

Respondents have not shown that they complied with the rule of unanimity. *See* 28 U.S.C. § 1446(b)(2)(A); *Getty Oil Corp.*, 841 F.2d at 1262. Even though Petitioner did not specifically raise this procedural ground in his Motion to Remand, by filing a Motion to Remand within 30 days of removal Petitioner has "explicitly refused to 'acquiesce' to the choice of forum." *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004). The Court may therefore properly address any procedural defects in removal, even if not raised in the Motion to Remand, without "usurp[ing] its congressionally mandated role . . . ." *Id.*; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) (holding that *Schexnayder* and § 1447(c)'s text make clear that what matters is the timing of a motion to remand; if the motion is timely filed within 30 days of removal, the district court may remand based on any removal defect under § 1447(c)).

Respondents do not dispute that American Heritage, SRHS, and SRHS Employees' Retirement Plan and Trust were served with process prior to removal.[2] The record reflects that SRHS and SRHS Employees' Retirement Plan and Trust were served with process on July 16, 2015, Proofs of Service [12] at 10, 12, and that American Heritage was served with process by at least July 21, 2015, Service of Process [1-3] at 1.[3] The Notice of Removal [1] filed by Lincoln National was dated August 13, 2015. American Heritage, SRHS, and SRHS Employees' Retirement Plan and Trust did not sign the Notice of Removal or timely file a consent to removal in this Court.[4] Lincoln National's counsel did not purport to formally act

---

[2] It appears from the state court record that Petitioner attempted to serve Transamerica on July 14, 2015, by personal service upon someone authorized to accept service of process on behalf of the Mississippi Insurance Commissioner. Proof of Service [12] at 4; Summons [12] at 5; Miss. Ins. Dep't Letter [12] at 17. However, in the Notice of Removal [1], filed on August 13, 2015, Lincoln National states that Transmerica had not yet been served. Notice of Removal [1] at 2. The parties have not adequately briefed whether service upon the Insurance Commissioner was sufficient under Mississippi law to effectuate service upon Transamerica. Transamerica represented to the Court in its First Motion for Extension of Time to Respond to Amended and Supplemental Petition [25] filed on September 4, 2015, that it is not "an insurance company and is not registered with the Department for purposes of accepting service of process." Mot. [25] at 2. The Court need not resolve this question, however, because a defect in removal procedure exists as to the other served Respondents' failure to timely join in, or consent to, the removal. *See* 28 U.S.C. § 1446(b)(2)(A)-(B); *Getty Oil Corp.*, 841 F.2d at 1262.

[3] Petitioner served American Heritage through the Mississippi Insurance Commissioner's office on July 14, 2015. Miss. Ins. Dep't Letter [1-3] at 3. The Insurance Commissioner sent the Summons and Amended Petition to American Heritage's agent for service of process, CT Corporation System of Mississippi ("CT Corporation"), on the same date. *Id.* CT Corporation then forwarded the Summons and Amended Petition to American Heritage on July 21, 2015. Service of Process [1-3] at 1.

[4] American Heritage joined in Lincoln National's Memorandum in Opposition to Petitioner's Motion to Remand on September 21, 2015. Joinder [35]. On the same date, SRHS and SRHS Employees' Retirement Plan and Trust filed their own opposition to the Motion to Remand and joined in Lincoln National's Memorandum in Opposition. Resp.

on the other Respondents' behalf in filing the Notice of Removal.  *See Gillis*, 294 F.3d at 759.  Nor is there any indication in the record that Lincoln National's counsel would have had the authority to do so.  *See id.*

Failure to obtain the joinder or consent of the other Respondents who had been properly joined and served constitutes a defect in the removal petition.  *See* 28 U.S.C. § 1446(b)(2)(A); *Getty Oil Corp.*, 841 F.2d at 1262.  Respondents have not shown strict compliance with 28 U.S.C. § 1446.  *See Manguno*, 276 F.3d at 723.  Respondents have therefore not satisfied their burden of showing that removal was procedurally proper.  *See Powers*, 783 F.3d at 576; *Manguno*, 276 F.3d at 723.  Because Petitioner filed a Motion to Remand within 30 days of removal, the Court can properly grant remand on this basis.  *See Schexnayder*, 394 F.3d at 285.  Because the Court finds that remand is appropriate based on this procedural defect, it need not reach the question of its subject matter jurisdiction.[5]

---

[33]; Mem. in Opp'n to Remand [34].  Even if these pleadings could be construed as joinders in, or consents to, the Notice of Removal, they would be untimely.  These pleadings were filed at least two months after these Respondents were served, and over a month after Lincoln National filed the Notice of Removal.  *See* 28 U.S.C. § 1446(b)(2)(A)-(B); *Powers*, 783 F.3d at 576.

[5]Petitioner has raised rather extensive legal questions regarding whether subject matter jurisdiction exists in light of the probate exception to federal jurisdiction.  *See Marshall v. Marshall*, 547 U.S. 293, 308 (2006); *Markham v. Allen*, 326 U.S. 490, 494 (1946); *Curtis v. Brunsting*, 704 F.3d 406, 408-09 (5th Cir. 2013).  While it is possible the probate exception might apply in this case, the Court need not decide this issue due to the procedural defect in removal.

C.   Petitioner's Request for Costs and Expenses, Including Attorney's Fees

Petitioner seeks costs and expenses, including attorney's fees, "as a result of the unwarranted removal." Mem. in Supp. of Mot. to Remand [18] at 10 (citing 28 U.S.C. § 1447(c)). The Court finds this request is not well taken, and it will be denied.

Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Fifth Circuit has held that "§ 1447(c) fee awards are cost recoupments, hence punitive in policy only," and should only be awarded if the removing party lacks an objectively reasonable basis for removal. *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005); *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010)). When determining whether attorney's fees should be awarded, the district court must not consider the motive of the removing defendant, but must consider "the objective merits of removal [at the time of removal], irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292-93 (5th Cir. 2000).

The Fifth Circuit has explained that the district court's discretion in awarding ordinary court costs under § 1447(c), such as those available under Federal Rule of Civil Procedure 54(d)(1), is broader. *Hornbuckle v. State Farm*

*Lloyds*, 385 F.3d 538, 541 n.5 (5th Cir. 2004).  However, this discretion is not unlimited.  *Id.*

Having considered the record as a whole, the Court finds that Lincoln National did not lack an objectively reasonable basis for removing the case.  The Fifth Circuit has recognized the "distinctly limited scope" of the probate exception to subject matter jurisdiction.  *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013).  Petitioner is therefore not entitled to an attorney's fee award under § 1447(c), and his fee request will be denied.  *See American Airlines*, 694 F.3d at 542; *Valdes*, 199 F.3d at 292-93.  Nor does the Court find that Lincoln National's removal warrants an award of costs to Petitioner under § 1447(c).  *See Hornbuckle*, 385 F.3d at 541 n.5.  Petitioner's request for costs and expenses, including attorney's fees, will be denied.

### III.  CONCLUSION

Because Respondents have not carried their burden of demonstrating that removal was proper, Petitioner's Motion to Remand must be granted.  Petitioner's request for costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c) will be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Petitioner's Motion to Remand [17] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Chancery Court of George County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk

of the state court pursuant to 28 U.S.C. § 1447(c).

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Petitioner's request for costs and expenses, including attorney's fees, under 28 U.S.C. § 1447(c) is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of October, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE